Dear Senator Cain,
¶ 0 This office has received your request for an official Attorney General Opinion in which you asked, in effect:
1. Can a member of the legislative staff retain his or herposition with the House of Representatives or the Senate if amember of that staff person's family is elected to the House ofRepresentatives or the Senate?
 2. If the answer to question 1 is no, does the attainment of avested retirement benefit by the employee affect the result?
 3. If the answer to question 1 is no, does the fact that theemployee is supervised by other than the member of theLegislature affect the result?
 I.
¶ 1 Your first question may be answered by a review of the applicable nepotism statute:
 Any person related within the third degree by affinity or consanguinity to any elected member of the legislative, judicial or executive branch of the state government shall not be eligible to hold any clerkship, office, position, employment or duty for which compensation is received in the same agency as the elected member of the state government.
21 O.S. 1991, § 484[21-484].[1]
¶ 2 It has been previously opined that this section prohibits an employee of the House of Representatives from retaining his or her employment if the person's spouse is elected to the House of Representatives, effective as of the date the spouse takes office. A.G. Opin. 82-73. This would have equal application to a similar situation in the Oklahoma Senate. 21 O.S. 1991, § 487[21-487].
However, the prohibition applies only to employment "for which compensation is received in the same agency" as the elected official. 21 O.S. 1991, § 484[21-484]. Although the Legislature is not ordinarily considered an "agency" of the State, in the context of Section 484 this must refer to the individual Houses of the Legislature. We take notice that the House of Representatives and Senate maintain separate staffs. Further, the House of Representatives and Senate receive separate appropriations. Cf.
1995 Okla. Sess. Laws 268; 1994 Okla. Sess. Laws 265; 1993 Okla. Sess. Laws 244. Thus, Section 484 was intended to apply to each House of the Legislature without affecting the other. Thus, if an employee of one House of the Legislature is a family member within the third degree of affinity or consanguinity to a person elected to the House in which that person is employed, upon the taking of office by the elected family member, the employee is no longer eligible for employment in that House.
 II.
¶ 3 You asked about the affect of Section 484 on an employee with vested retirement benefits. Although an employee who has attained a vested retirement benefit would not have that vested benefit affected by the nepotism laws, a plain reading of Section 484 makes no exemption from the employment prohibition for employees whose employment benefits have vested. Thus, we cannot read such an exemption and must presume this factor will not change the prohibition against maintaining employment. 21 O.S.1991, § 484[21-484].
 III.
¶ 4 Your third question asked if the fact that the employee is supervised by other than the related legislator would affect the prohibition on employment of a person whose family member is a member of the Legislature. Again, the expressed intent of Section 484 is that the prohibition is invoked upon the taking of office and is not ameliorated by a delegation of supervision to other members of the Legislature. As such, the prohibition against maintaining employment is not affected by a delegation of supervision. 21 O.S. 1991, § 484[21-484].
 ¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A member of the legislative staff cannot retain his or herposition if a member of that staff person's family is elected tothe branch of the Legislature in which the staff member isemployed when the staff member is within the third degree toaffinity or consanguinity. 21 O.S. 1991, § 484[21-484]. Section 484is intended to treat the Houses of the Legislature as separateentities for the purpose of the prohibition on employment.
 2. This result is not affected if the employee has attained avested retirement benefit. 21 O.S. 1991, § 484[21-484].
 3. This result is not affected by a delegation of directsupervision to other than the affected member of the OklahomaLegislature. 21 O.S. 1991, § 484[21-484].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] Affinity — "related by marriage," Webster's Third New International Dictionary 482 (1981).
Consanguinity — "related by blood or descended from a common ancestor," Webster's Third New International Dictionary 482 (1981).